UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RONALD BARRY EVANS                                                                                    PLAINTIFF

VERSUS                                                              CIVIL ACTION NO. 3:13-cv-757-CWR-LRA

SHERIFF MIKE LEE, et al.                                                                          DEFENDANTS

MEMORANDUM OPINION

Plaintiff filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 on December 4, 2013. On January 7, 2014, an Order [9] was entered denying Plaintiff's applications to proceed *in forma pauperis* and directing the Plaintiff to pay the $400.00 filing fee within 30 days from the entry of the order. Plaintiff was warned that his failure to keep this Court informed of his current address or his failure to timely comply with any Order of the Court could result in the dismissal of this case. Instead of complying with the Order [9], the Plaintiff filed on January 23, 2014, a Notice of Appeal [13]. The Fifth Circuit's mandate [15] dismissing the appeal for want of prosecution dated April 9, 2014, was filed in this Court on May 5, 2014.

This Court then entered an Order [16] to Show Cause on May 6, 2014. The Plaintiff was directed to file a response on or before May 21, 2014, explaining why this case should not be dismissed as well as he was directed to pay the $400.00 filing fee on or before May 21, 2014. The Show Cause Order warned Plaintiff that failure to keep this Court informed of his current address or failure to timely comply with the requirements of the Order could lead to the dismissal of his Complaint. Once again, the Plaintiff failed to comply or communicate with the Court concerning the Order [16].

Because Plaintiff is proceeding *pro se*, he was provided one final opportunity to comply with the Court's Orders prior to the summary dismissal of this case. On June 10, 2014, a Second and Final Order [17] to Show Cause was entered in this case. Plaintiff was directed to show cause, on or before June 26, 2014, why this case should not be dismissed for his failure to comply with the Court's Orders [9 & 16] of January 7, 2014, and May 6, 2014. In addition, Plaintiff was directed to comply with the previous Orders [9 & 16] by filing his response on or before June 26, 2014. The Second and Final Order [17] to Show Cause warned Plaintiff that failure to keep the Court informed of his current address or failure to timely comply with the requirements of the Order would lead to the dismissal of his Complaint without further notice. Plaintiff has not complied with the Order of the Court or otherwise contacted the Court concerning this case.

The Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally, Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

Plaintiff has failed to comply with three court orders [9, 16 & 17]. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but instead such efforts have proven futile. *See Tello v. Comm'r.*, 410 F.3d 743, 744 (5th Cir. 2005). The Court, therefore,

concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. *See Rice v. Doe*, No. 08-20381, 2009 WL 46882, at *1 (5th Cir. Jan. 8, 2009)(affirming dismissal based on inmate's failure to comply with a court order). Since the Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, Ltd. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

This the 15th day of July, 2014.

s/Carlton W. Reeves<br>UNITED STATES DISTRICT JUDGE